### J. M. A. BELL & another *vs.* JANE McDOWELL.

Norfolk. November 28, 1892. — January 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Promissory Note — Married Woman — Payment of Husband's Debt — Consideration.*

In an action on a promissory note payable to the order of the plaintiffs and signed by the defendant, a married woman, there was evidence that she knew that her husband had had dealings with the plaintiffs and was indebted to them, and that she delivered the note to her husband to be used by him. *Held*, that the judge, trying the case without a jury, could properly infer that she delivered the note to her husband to be given to the plaintiffs in payment of his account with them.

CONTRACT, upon a promissory note, of which the following is a copy :

"$250$\frac{68}{100}$.                                November 29, 1890.

"Ninety days after date I promise to pay to the order of Bell and Casey two hundred and fifty and $\frac{68}{100}$ dollars at any bank in Boston, value received.    Jane McDowell."

At the trial in the Superior Court, without a jury, before *Thompson*, J., the defendant, called by the plaintiffs, admitted her signature to the note, and, in response to questions propounded to her by her own attorney, testified as follows : " Bell and Casey, or any one for them, never paid me any money or other consideration for this note.   I did not know anything as to what was done with it after I signed it.   I gave it to my husband, and don't know what he did with it, and had no knowledge or information of any of the circumstances of requiring the note, or giving it, other than simply signing it and delivering it to my husband."

On cross-examination she testified that she understood it was a note to Bell and Casey ; that her husband was helping to manufacture iron ovens that had to be cast; and that she had no interest in the business, although at one time her husband used to sign his name as agent for her in carrying on the business.

Casey, one of the partners, testified " that Mr. McDowell brought the note in suit to their factory ; that he was indebted to the firm at that time in the amount of the note ; that he had had some conversation with him in regard to payment of the amount before giving the note, and that they took the note in payment from Mr. McDowell for the debt of $250.68, and gave Mr. McDowell credit on the books for that amount; that he did not advance any money to Mrs. McDowell on the note, and that the debt against the husband had entirely accrued before the note was given ; and that before he took the note he never told Mrs. McDowell that he would square.her husband's account for the note."   He also testified that he had a talk with the defendant before the note was given about the account, but not about the note.

The defendant requested the judge to rule that there was no consideration for the note as between the plaintiffs and the defendant, and that, upon all the evidence, the plaintiffs could

not recover.    The judge refused both requests, and ordered judgment for the plaintiffs; and the defendant alleged exceptions.

*S. L. Whipple*, for the defendant.

*J. E. Cotter*, for the plaintiffs, was not called upon.

FIELD, C. J.    There was evidence that the defendant signed the note, which, as she knew, was payable to the order of the plaintiffs, and that she knew that her husband had had dealings with the plaintiffs, and was indebted to them, and that she delivered the note to her husband to be used by him.    From this evidence the court, trying the case without a jury, could properly infer that she delivered the note to her husband, to be given to the plaintiffs in payment *pro tanto* of his account with them.                                 *Exceptions overruled.*